[4] Proof that intoxicating liquor was found in possession of the appellant without a search warrant was properly received. See Welchek v. State (Tex. Cr. App.) 247 S. W. 524.

[5] The indictment charged the transportation of "spirituous, vinous and. malt liquors capable of producing intoxication." No averment of the percentage of alcohol contained in the liquors was required. See Estell v. State, 91 Tex. Cr. R. 481, 240 S. W. 913.

There are no other matters requiring discussion.

The judgment is affirmed.

---

### HARRIS v. STATE. (No. 7742.)

(Court of Criminal Appeals of Texas. June 13, 1923.)

Intoxicating liquors ⚍236(11) — Evidence held to sustain conviction for selling intoxicating liquor.

Evidence *held* to sustain conviction for the sale of intoxicating liquor, though accused claimed to have acted only as agent for purchaser.

Appeal from District Court, Haskell County; W. R. Chapman, Judge.

Logan Harris was convicted of unlawfully selling intoxicating liquor, and he appeals. Affirmed.

A. J. Smith, of Haskell, for appellant.
R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. Appellant is charged with the unlawful sale of intoxicating liquor to G. D. Franklin. The judgment condemns him to confinement in the penitentiary for one year.

Franklin testified as follows:

"I got a pint of whisky from Logan Harris and gave $3 for it; that was the defendant. I gave him the money right·close to his father's little confectionery, peanut stand, about six or seven feet east of it, and he taken the money and went off and was gone about 30 minutes and came back and says he got it, and we went down to the toilet, and he gave it to me, and Mr. Townsend came along from the north and I handed it to him. After the defendant returned, he told me he had the whisky for me. He suggested that we go to the toilet. We went to the toilet, and he took it out of his pocket and gave it·to me there. I gave him $3 in money for it; I gave him two silver dollars and two halves." ·

Townsend, the city marshal, testified that he saw Franklin and the appellant enter the toilet; that immediately after the appellant had left, he went into the toilet and got a pint bottle of whisky from Franklin, which whisky was later turned over to the sheriff. Franklin, at the time, told him where and how he got the whisky.

Appellant testified in his own behalf, in substance, that he and Franklin wanted to ride home with a man named Anderson; that Franklin said it would require some corn whisky to obtain Anderson's permission. Appellant remarked that he had to walk as he did not have the "price." Franklin said:

"If you know where to get it, I'll furnish the money for you to get the whisky for us to go out home on."

Franklin then gave him $3 and he got the whisky. He ·and Franklin went into the toilet to take a drink; that he there handed Franklin the bottle, and he (Franklin) gave him the money. He said: "Franklin told Townsend that he bought the whisky from me." Appellant also said that he did not sell the whisky, but was acting for the accommodation of Franklin; that his (appellant's) brother was a bootlegger and he got the whisky where his brother had put it and he laid the money where his brother would get it, which was near the railroad cotton platform. The brother there left the whisky and appellant the money. The brother soon after the arrest of the appellant left the country and was not present at the time of the trial. His brother had told his father that he was engaged in selling whisky and that he had gotten appellant into trouble; that the appellant did not sell any whisky.

The court instructed the jury that if they believed that appellant, in aiding Franklin to procure whisky, was merely an agent of Franklin, an acquittal should result.

There is no complaint of any ruling of the trial court other than holding the evidence sufficient to support the verdict. The evidence, in our judgment, is sufficient to support the jury's finding that appellant was the seller of the whisky and not merely the agent of the purchaser. The state's testi-

mony would manifestly support this inference. The truth of appellant's version, as developed from his testimony, presented an issue for the jury to solve, which was decided against him.

Finding no error in the record, the judgment is affirmed.